IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JACK E. GRUBB, III<br><br>               Defendant. | Case No. 15-00303-01-CR-W-DGK |

## MOTION OF THE UNITED STATES FOR A PRELIMINARY
## ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

      The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

## SUPPORTING SUGGESTIONS

      1.     On September 10, 2015, a federal grand jury sitting in the Western District of Missouri returned a three-count Indictment against the defendant Jack E. Grubb, III. Count One charged that the defendant, using any means or facility of interstate or foreign commerce, knowingly received a visual depiction, separate and apart from the visual depictions relied upon in Counts Two and Three, that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and the visual depiction contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

2. Count Two charged that the defendant, using any means or facility of interstate or foreign commerce, knowingly attempted to distribute a visual depiction, separate and apart from the visual depictions relied upon in Counts One and Three of the Indictment, that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and the visual depiction contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer, and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of 18 U.S.C. § 2252(a)(2).

3. Count Three charged that the defendant, knowingly possessed one or more films, videotapes, and other matter which contained visual depictions, separate and apart from the visual depictions relied upon in Counts One and Two of the Indictment, that had been shipped and transported in interstate and foreign commerce by any means including by computer, and which were produced using materials which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depictions involved the use of minors engaging in sexually explicit conduct, and were visual depictions of such conduct, in violation of 18 U.S.C. § 2252(a)(4).

4. The Forfeiture Allegation of the Indictment sought forfeiture, pursuant to 18 U.S.C. 2252, of any film, videotape, or other matter which contains any such visual depiction, which was transported, mailed, shipped, or received in violation of these sections; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses; including, but not limited to the following:

>    one Hitachi HTS541680J9SA00, 80 GB SATA laptop hard drive,
>    serial number SGGM2UGE
>
>    one Western Digital WD1000 WD Caviar 100GB IDE hard drive,
>    serial number WMA8C8065468,

all in violation of 18 U.S.C. § 2253.

3. On March 23, 2016, the defendant Jack E. Grubb, III plead guilty to Counts One, Two and Three of the Indictment. As a result of the plea agreement, the United States is seeking forfeiture of the above-described property.

4. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 2253, which provides that:

> (a) A person who is convicted of an offense under this chapter involving a visual depiction described in section … 2252, shall forfeit to the United States such person's interest in-
>
> (1) any visual depiction described in section … 2252 … of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

5. In discussing similar forfeiture in 21 U.S.C. § 853 and 18 U.S.C. § 1963 (RICO), the Senate Report notes that this language "emphasizes the mandatory nature of criminal forfeiture, requiring the Court to order forfeiture in addition to any other penalty imposed." S. Rep. No. 225 98th Cong., 2d Sess. 200, 211, reprinted in 1984 U.S. Code Cong. & Ad. News 3383, 3394. Thus, according to the relevant statute, the Court _must_ enter a Preliminary Order of Forfeiture in favor of the United States and against the defendant's interests in property found to

have been acquired, maintained, or used in violation of the underlying forfeiture statute.

*Alexander v. United States*, 509 U.S. 544, 562-563 (1993); *United States v. Monsanto*, 491 U.S. 600, 606-607 (1989); *United States v. Carpenter,* 317 F. 3d 618, 626 (6th Cir. 2003); *United States v. Hill*, 167 F.3d 1055, 1073-74 (6th Cir. 1999); *United States v. Bieri,* 68 F.3d 232, 235 (8th Cir. 1995).

      6.      Rule 32.2 (b)(1)(A) and (B), 32.2(b)(2)(A), (b)(2)(C) and (B), and 32.2(b)(3), Federal Rules of Criminal Procedure, provide that:

> (b)(1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an Indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (b)(2)(A) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

> (b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:
>
> > (i) lists any identified property;
> >
> > (ii) describes other property in general terms; and
> >
> > (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of money judgment has been calculated.
>
> (b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7. Based upon the evidence presented at the hearing held on March 23, 2016, the United States has established the requisite nexus between the property and the offense to which the defendant has plead guilty. Accordingly, that property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States will publish for at least 30 consecutive days on the government's official web site, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States Marshal Services' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant Jack E. Grubb, III, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on Catherine A. Connelly, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the

5

property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

9. In accordance with the provisions of 18 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in the Forfeiture Allegation of the Indictment and order the United States Marshals Service to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By: */s/ Catherine A. Connelly*
Catherine A. Connelly
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2016, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

      ***/s/ Catherine A. Connelly***
      Catherine A. Connelly
      Assistant United States Attorney